# Kohn *v.* Manning, Appellant.

*Promissory notes—Affidavit of defense—Warehouse certificates—Rescission.*

In an action by the indorsee against the maker of a promissory note given for whisky sold to the maker and for which warehouse certificates were given to the defendant, an affidavit of defense setting up a breach by the payee of a collateral agreement, is insufficient if it does not show that the warehouses certificates were returned or tendered back, or set forth facts which amounted to a rescission of the contract, or facts which would support a claim for damages.

Argued Oct. 10, 1912. Appeal, No. 254, Oct. T., 1911, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1911, No. 5,462, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Charles Kohn v. Patrick Manning. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, and PORTER, JJ. Affirmed.

Assumpsit on promissory notes.

The material averments of the affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Joseph B. Winokur*, with him *Henry M. Stevenson*, for appellant, cited: Penna. Central Ins. Co. v. Kniley, 2 Pears. 229; Kreckel v. Britton, 7 Lanc. Law Rev. 90; Scranton Savings Bank v. Scranton, 11 Lacka. Jurist, 343; Corn Exchange Bank v. Bass, 1 Lehigh Val. Law R. 160; Eliel v. Chamberlain, 48 Pa. Superior Ct. 610; Sloane v. Shiffer, 156 Pa. 59; Dornan v. Shiffer, 10 Lanc. Law. Rev. 242.

*Paul C. Hamlin,* with him *Albert L. Moise, Leonard J. Bamberger* and *Albert J. Bamberger,* for appellee, cited: Monticello Distilling Co. v. Dannenhauer, 46 Pa. Superior Ct. 485; Kessler v. Perrong, 22 Pa. Superior Ct. 578; Keffer v. Robinson, 2 W. N. C. 689; Connor v. Schildt, 16 Pa. Superior Ct. 88.

OPINION BY HENDERSON, J., November 18, 1912:

It is admitted that the promissory notes which are the basis of the action were given on an agreement to purchase twenty-five barrels of whisky then in bond and that the certificates for the whisky were delivered to the defendant. The certificates referred to in the affidavit were presumably bonded warehouse certificates. If they were of a different character, and that was a material fact, the affidavit should have set forth more specifically what they were. The defense set up is that the notes were given to the distillery company through an agent of the company and that it was agreed between the agent and the defendant that the distillery company would take up and continue a loan which the defendant had with another distilling company with which he had been doing business and which it was important that he take up if the proposed sale be made, and that the distillery company refused to take up the loan. It is averred that the plaintiff is not a bona fide holder of the paper; and in the second supplemental affidavit of defense it is alleged that the whisky for which the certificate was delivered to the defendant "has been already sold by persons owning the same and is not in the warehouse as represented by said certificates." It is further averred that when the defendant was informed by the distillery company that the transaction was an unconditional sale he wrote to the company "to return to the said distillery company all whisky certificates sent to him by said distillery company and to cancel the said arrangement upon the return of the notes given by him to the said distillery company." Although three affidavits of defense were filed it is no-

where set forth that the defendant returned to the distillery company the certificates and demanded the return of his obligations, but this he was clearly bound to do. If the defense here set up is good the defendant may retain the evidence of title to the whisky and at the same time prevent the holder of the notes from recovering the consideration. Having obtained title to the property, if he desired to rescind the contract because of some alleged deception on the part of the vendor or his selling agent it was necessary for him to act promptly on discovering the alleged misrepresentation and to surrender the certificate which invested him with title to, and constructive possession of, the property. He was not at liberty to retain the certificate after the alleged misrepresentation or the repudiation of the act of the agent by the vendor and refuse to pay. If the contention be that the contract is not rescinded but that the defendant is entitled to set off damages because of the refusal of the distillery company to make the loan the defendant has not stated any facts which would support a claim for damages. It is not alleged that he sustained any prejudice, that he was subjected to any loss or that the property bought was less valuable on account of the failure to make the loan. The averment that the whisky had already been sold by persons owning the same and that it was not in the warehouse as represented by said certificates is insufficient for any purpose. The statement would have been true if the whisky had been sold by the defendant. It is not suggested that the property was not in the warehouse at the time the notes were given, nor is there any allegation that the plaintiff or the distillery company had sold it after that time. The statement in the second affidavit of defense of a proposal to cancel the transaction does not show a rescission of the contract. It is obscurely stated but, giving to it the construction most favorable to the defendant, it was a conditional offer and not an announcement of a withdrawal from the contract. We do not regard the affidavit as sufficient if the action were

brought by the distillery company against the defendant, and we need not therefore consider the question as to the sufficiency of the averment that the plaintiff is not a bona fide holder.

The judgment is affirmed.